

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7850 | **DATE** | 4/16/2004 |
| **CASE TITLE** | US vs. Camelo Chavez (01 CR 836-3) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Chavez's motion to vacate, set aside, or correct his sentence is denied. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 8 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
                    Plaintiff,    )
                                  )
       vs.                        )    03 C 7850
                                  )
CAMELO CHAVEZ,                    )    (01 CR 836-3)
                                  )
                    Defendant.    )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Camelo Chavez's ("Chavez") petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

## BACKGROUND

On October 2, 2001, Chavez and others were arrested for their involvement in the attempted sale of one kilogram of cocaine to an undercover agent. On December 6, 2001, Chavez was charged in two counts of an indictment alleging that he was part of a cocaine distribution conspiracy. In this court, on April 30, 2002, Chavez pleaded guilty to the offense of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Chavez's guilty plea was



in accordance with a plea agreement with the government that was signed the same day. As part of the agreement, in return for his guilty plea, the government promised not to file a sentencing enhancement under 21 U.S.C. § 846 and to dismiss the remaining count against Chavez, possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On October 9, 2002, we sentenced Chavez to seventy-eight months imprisonment and five years of supervised release. Chavez is currently incarcerated at the Federal Correction Institution in Lompoc, California ("FCI Lompoc").

On November 4, 2003, this court received Chavez's present petition for habeas corpus relief under 28 U.S.C. § 2255, alleging that his attorney Ralph Meczyk provided ineffective assistance of counsel. Specifically, Chavez contends that Meczyk's counsel was ineffective for the following reasons: (1) Meczyk allegedly did not vigorously defend Chavez because Chavez could not pay Meczyk $100,000 in fees; (2) Meczyk failed to file pretrial motions to suppress the government's evidence; (3) Meczyk failed to file motions in order to establish relative culpability among Chavez and his co-defendants; (4) Meczyk did not explain the terms of the plea agreement or inform Chavez that he was actually signing a plea agreement; (5) Meczyk did not object to certain inaccuracies in Chavez's Pre-Sentence Report; and (6) Meczyk did not file a

notice of appeal after Chavez requested that he do so. The government now moves to dismiss Chavez's petition.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited to situations where a federal criminal defendant's conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (citations omitted). If the court finds that any such error occurred, it will vacate or set aside the defendant's sentence, and the defendant will then be discharged, resentenced, or granted a new trial. Key v. United States, 2002 WL 483418, *1 (N.D. Ill. 2002) (citing 28 U.S.C. § 2255). When reviewing a Section 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). Because Chavez has filed his petition *pro se*, his petition is entitled to a liberal reading. Blake v. United States, 841 F.2d 203, 205-206 (7th Cir. 1998). With these considerations in mind we now turn to Chavez's petition.

## DISCUSSION

The government first argues that Chavez's petition must be dismissed because it is time-barred. Petitions brought under 28 U.S.C. § 2255 are governed by a "1-year

period of limitation" that runs from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Under the "mailbox rule" *pro se* habeas petitions filed by prisoners are deemed filed when the petition is given to the proper prison authorities for mailing. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999).

Chavez's conviction became final on October 9, 2002, when we sentenced him and entered judgement in his case. Under 28 U.S.C. § 2255's one-year statute of limitations, Chavez had until October 9, 2003, to file his petition. Even though the Certificate of Service that Chavez filled out and attached to his petition was dated October 9, 2003, it does not appear that he actually delivered his petition to the proper authorities that day. We reach this conclusion because the envelope in which Chavez's petition arrived was stamped by the FCI Lompoc mail department on October 31,

2003, and is postmarked the same day. The government contends that FCI Lompoc policy relating to prisoner legal mailing is as follows:

> The prison's policy is to collect mail daily (with the exception of weekends) from mailboxes specifically designated for the delivery of legal mail. Once the mail is collected from these mailboxes, the back of the envelope is stamped, dated and delivered to the United States Postal Service that same day.

Gov. Mot. at 3. Based on the government's assertions and the FCI Lompoc stamp on Chavez's envelope, we do not believe that Chavez delivered his petition to the proper authorities on October 9, 2003. It is far more likely that, knowing the date to be critical to his petition, Chavez wrote October 9, 2003, on his Certificate of Service but actually delivered his petition to the FCI Lompoc mailbox at a later date. As such his petition should be dismissed as time-barred.

Even assuming that his petition was timely filed, it must be denied on the merits. To begin, the majority of the grounds for relief cited by Chavez are barred by the terms of his plea agreement, which waived his right to direct appeal or collateral attack for all but two narrow issues. According to his plea agreement:

> 11. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph [explaining certain constitutional and statutory protections]. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty.

> 12. The defendant is also aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which the sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion under 28 U.S.C. § 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation.

Plea Agreement at 8-9. Based on the clear language of this provision, Chavez has waived his rights to file a Section 2255 petition, unless that petition alleges that the waiver or the negotiation that preceded it were made involuntarily or without effective assistance of counsel. Plea agreement waivers of this sort have been routinely upheld in the Seventh Circuit. See United States v. Sines, 303 F.2d 793, 798 (7th Cir. 2002).

However, even where a defendant alleges ineffective assistance of counsel on a Section 2255 petition that is otherwise barred by a plea agreement waiver, the waiver may still apply. This is because in scenarios such as Chavez's, "the right to mount a collateral attack pursuant to Section 2255 survives with respect to those discrete claims *which relate directly to the negotiation of the waiver.*" Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) (emphasis added). We are therefore required to "explore the nature of" Chavez's claims "to determine if his challenge relates to the negotiation of the waiver." United States v. Mason, 211 F.3d 1065, 1069 (7th Cir.

2000). For instance, examples of ineffective assistance of counsel allegations that would not relate to the negotiation of a waiver would include claims that an attorney did not question the drug quantity attributable to a defendant, did not repeatedly persist for a downward sentencing departure, id., or incorrectly calculated criminal history points. Daniel v. United States, 2001 WL 76335 (N.D. Ill. 2001).

Four of the six discrete grounds that Chavez cites as evidence of ineffective assistance of counsel relate to conduct by Meczyk that is outside the scope of the negotiation of Chavez's waiver. Chavez accuses Meczyk of failing to file pretrial motions to suppress evidence and to establish relative culpability among Chavez and his co-defendants. While these alleged ineffective assistance of counsel claims could be said to relate to Chavez's bargaining position prior to entering his plea, Chavez cannot demonstrate any nexus between a theoretically weakened negotiating posture and his waiver of collateral attack rights, a standard provision of plea agreements. Chavez also alleges ineffective assistance of counsel in that Meczyk did not object to certain inaccuracies in Chavez's Pre-Sentence Report and did not file an appeal. Not only did Chavez waive his right to appeal but Meczyk's conduct prior to and after sentencing occurred well after Chavez had signed his plea agreement and clearly cannot be said to relate to the agreement's (waiver of collateral attack rights included) negotiations. For these reasons, the above claims were waived and are thus barred.

Given that Chavez is *pro se* petitioner, we will give the remainder of his petition a liberal reading. Chavez's surviving claims allege that Meczyk's counsel was ineffective in that he did not vigorously defend Chavez because Chavez could not pay Meczyk $100,000. As a result, Chavez contends that Meczyk did not explain the terms of his plea agreement nor inform Chavez that he was actually signing a plea agreement. These assertions can be said to relate to the Meczyk's effectiveness in negotiating Chavez's waiver of collateral attack rights or the voluntariness of Chavez's waiver, so they are not barred by his plea agreement.

When a criminal defendant asserts a claim of ineffective assistance of counsel, he bears a "heavy burden" in overcoming the "strong presumption" that his lawyer's assistance was effective and reasonable. United States v. Trevino, 60 F.3d 333, 338, (7th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The defendant must point to specific acts or omissions by the lawyer that form the basis of his claim and the court must then determine whether, in light of all the circumstances, the lawyer's conduct fell outside the wide range of professionally competent assistance. Id.

Upon reviewing the record we find that Meczyk's assistance of counsel was neither ineffective nor unreasonable, and that Chavez knowingly and voluntarily entered his plea. On April 30, 2002, the day we accepted Chavez's guilty plea, he

declared under oath that he had read the whole plea agreement, discussed it with his attorney, understood it in his entirety, and was pleading under his own free will. Chavez also stated that he was satisfied with the representation of his attorneys. We determined that Chavez's declarations and plea were truthful and made in a knowing, intelligent, and voluntary manner. Chavez's current argument that he did not know that he was signing a plea agreement is simply not believable.

Chavez's petition essentially argues that had he known he would receive his current sentence, which is longer than that of his co-defendants, he would not have entered the plea agreement. This does not change the fact that he swore under oath that all of the government's allegations contained therein were true, that he understood the plea in its entirety, and that he was satisfied with his attorneys' performance. We will not allow Chavez to back out of his agreement by finding that his attorneys ineffectively negotiated the plea agreement because Chavez did not meet their fees demands. Even if we were to accept the proposition that Meczyk's failure to file pre-trial motions directly impacted the Chavez's waiver of collateral attack rights, which we do not, we do not find that this omission was so glaring as to meet the Strickland standard. Regardless of the propriety of the advice by Meczyk and his associates prior to Chavez's plea, it resulted in him avoiding a much greater sentence that was a very real possibility had Chavez rejected the government's agreement and

proceeded to trial. We therefore find that the assistance of counsel by Meczyk and his associates was neither ineffective nor unreasonable and that Chavez's voluntarily and intelligently negotiated plea agreement should stand.

## CONCLUSION

Based on the foregoing analysis, Chavez's motion to vacate, set aside, or correct his sentence is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: **APR 1 6 2004**